1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TREDERIALO BACA,

11          Plaintiff,                    No. CIV S-12-0572 KJM DAD P

12      vs.

13   SACRAMENTO COUNTY
     SHERIFF'S DEPARTMENT et al.,

14                                        FINDINGS AND RECOMMENDATIONS
            Defendants.

15   _____/

16          Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20                            **PLAINTIFF'S COMPLAINT**

21          In the present case, plaintiff has identified the Sacramento County Sheriff's

22   Department and Officer Sugawara as the defendants.  In his complaint, plaintiff alleges that

23   defendant Sugawara failed to protect him when defendant Sugawara allowed a T-Sep inmate to

24   exit his cell while plaintiff was outside for recreation.  According to plaintiff, inmates who are

25   classified as T-Sep are to remain completely separated from all other inmates.  Plaintiff alleges

26   that defendant Sugawara disregarded institutional rules, and this T-Sep inmate violently assaulted

                                          1

1    plaintiff.  Plaintiff alleges that he suffered a concussion, a broken nose, and is now missing a

2    front tooth.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 5.)

3    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4    By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42

5    U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

6    under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

7    prison, or other correctional facility until such administrative remedies as are available are

8    exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about

9    prison life, whether they involve general circumstances or particular episodes, and whether they

10    allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

11    The United States Supreme Court has ruled that exhaustion of prison

12    administrative procedures is mandated regardless of the relief offered through such procedures.

13    Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against

14    reading futility or other exceptions into the statutory exhaustion requirement.  Id. at 741 n.6.

15    Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA

16    exhaustion requirement by filing an untimely or otherwise procedurally defective administrative

17    grievance or appeal.  Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

18    The PLRA exhaustion requirement is not jurisdictional but rather creates an

19    affirmative defense.  See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to

20    specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d

21    1108, 1117-19 (9th Cir. 2003).  The defendants bear the burden of raising and proving the

22    absence of exhaustion.  Wyatt , 315 F.3d at 1119.  When the district court concludes that the

23    prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal

24    of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th

25    Cir. 2005).  On the other hand, "if a complaint contains both good and bad claims, the court

26    proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

**DISCUSSION**

1       A prisoner's concession to nonexhaustion is a valid ground for dismissal of an

2   action.  See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  On plaintiff's original form

3   complaint filed with this court, Section II.A. asks "Is there a grievance procedure available at

4   your institution?"  Plaintiff has checked the "Yes" box.  Section II.B. asks "Have you filed a

5   grievance concerning the facts relating to this complaint?  If your answer is no, explain why not."

6   Plaintiff has checked the "No" box.  In the space provided for plaintiff explain why he has not

7   filed a grievance at his institution, plaintiff has written "I filed a citizen complaint addressing the

8   issue!"  (Compl. at 4.)

9       Plaintiff is advised that he must complete his institution's administrative

10  grievance process prior to bringing a § 1983 action on his claims.  See Vaden v. Summerhill, 449

11  F.3d 1047, 1050-51 (9th Cir. 2006) (prisoner must exhaust administrative remedies prior to filing

12  his complaint in federal court); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002)

13  (prisoner does not satisfy the exhaustion requirement with respect to the claims in his original

14  complaint by exhausting administrative remedies during the course of litigation).  Filing a

15  citizen's complaint does not serve to properly exhaust plaintiff's administrative remedies.  See

16  Cotton v. Runnels, No. CIV S-06-1107 GEB DAD P, 2009 WL 1158941 at *7 n.4 (E.D. Cal.

17  Apr. 29, 2009) ("plaintiff's filing of various citizen's complaints . . . do not serve as a proper

18  exhaustion of his administrative remedies"); Evans v. Woodford, No. CIV F-06-01250 ALA (P),

19  2008 WL 5114653 at *2 (E.D. Cal. Dec. 4, 2008) ("citizen's complaint may not be used by a

20  prisoner to comport with controlling law that requires proper exhaustion: as defined here by the

21  CDCR."); McCoy v. Schirmer, No. S-05-0165 DFL DAD P, 2006 WL 845630 at *3 (E.D. Cal.

22  Mar. 30, 2006) ("The filing of a citizen's complaint . . . cannot constitute exhaustion of available

23  administrative remedies for California state prisoners since state law provides an inmate appeal

24  system specifically for prisoners.").

25  /////

1    If a court concludes, as it does here, that a prisoner has not exhausted

2  administrative remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt,

3  315 F.3d at 1120.  Given plaintiff's acknowledgment of non-exhaustion, the undersigned will

4  recommend that this action be dismissed without prejudice.[1]

5    **CONCLUSION**

6    Accordingly, IT IS HEREBY RECOMMENDED that:

7    1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

8    2.  This action be dismissed without prejudice for failure to exhaust administrative

9  remedies prior to bringing this action.

10    These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12  days after being served with these findings and recommendations, plaintiff may file written

13  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

16  F.2d 1153 (9th Cir. 1991).

17  DATED: April 9, 2012.

18

19                                                Dale A. Drozd
                                          _____
20  DAD:9                                 DALE A. DROZD
    baca0572.fte                          UNITED STATES MAGISTRATE JUDGE
21

22

23
    _____

24    [1]  If the findings and recommendations herein are adopted by the assigned district judge,
    plaintiff is informed that dismissal without prejudice will permit him to file a new action upon
    exhaustion of the administrative grievance process.  If plaintiff decides to file a new action, he
25  should not include this case number on the new complaint.  In addition, any new complaint
    should be accompanied by a properly completed, updated application to proceed in forma
26  pauperis.

4