IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREDERIALO BACA,

    Plaintiff,                                                 No. CIV S-12-0572 KJM DAD P

    vs.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT et al.,                         FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Plaintiff is a county inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

**PLAINTIFF'S COMPLAINT**

        In the present case, plaintiff has identified the Sacramento County Sheriff's Department and Officer Sugawara as the defendants.  In his complaint, plaintiff alleges that defendant Sugawara failed to protect him when defendant Sugawara allowed a T-Sep inmate to exit his cell while plaintiff was outside for recreation.  According to plaintiff, inmates who are classified as T-Sep are to remain completely separated from all other inmates.  Plaintiff alleges that defendant Sugawara disregarded institutional rules, and this T-Sep inmate violently assaulted

1

plaintiff.  Plaintiff alleges that he suffered a concussion, a broken nose, and is now missing a front tooth.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 5.)

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6.  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119.  When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

### DISCUSSION

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). On plaintiff's original form complaint filed with this court, Section II.A. asks "Is there a grievance procedure available at your institution?" Plaintiff has checked the "Yes" box. Section II.B. asks "Have you filed a grievance concerning the facts relating to this complaint? If your answer is no, explain why not." Plaintiff has checked the "No" box. In the space provided for plaintiff explain why he has not filed a grievance at his institution, plaintiff has written "I filed a citizen complaint addressing the issue!" (Compl. at 4.)

Plaintiff is advised that he must complete his institution's administrative grievance process prior to bringing a § 1983 action on his claims. See Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006) (prisoner must exhaust administrative remedies prior to filing his complaint in federal court); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (prisoner does not satisfy the exhaustion requirement with respect to the claims in his original complaint by exhausting administrative remedies during the course of litigation). Filing a citizen's complaint does not serve to properly exhaust plaintiff's administrative remedies. See Cotton v. Runnels, No. CIV S-06-1107 GEB DAD P, 2009 WL 1158941 at *7 n.4 (E.D. Cal. Apr. 29, 2009) ("plaintiff's filing of various citizen's complaints . . . do not serve as a proper exhaustion of his administrative remedies"); Evans v. Woodford, No. CIV F-06-01250 ALA (P), 2008 WL 5114653 at *2 (E.D. Cal. Dec. 4, 2008) ("citizen's complaint may not be used by a prisoner to comport with controlling law that requires proper exhaustion: as defined here by the CDCR."); McCoy v. Schirmer, No. S-05-0165 DFL DAD P, 2006 WL 845630 at *3 (E.D. Cal. Mar. 30, 2006) ("The filing of a citizen's complaint . . . cannot constitute exhaustion of available administrative remedies for California state prisoners since state law provides an inmate appeal system specifically for prisoners.").

/////

If a court concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." <u>Wyatt</u>, 315 F.3d at 1120. Given plaintiff's acknowledgment of non-exhaustion, the undersigned will recommend that this action be dismissed without prejudice.[1]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
baca0572.fte

---

[1] If the findings and recommendations herein are adopted by the assigned district judge, plaintiff is informed that dismissal without prejudice will permit him to file a new action upon exhaustion of the administrative grievance process. If plaintiff decides to file a new action, he should not include this case number on the new complaint. In addition, any new complaint should be accompanied by a properly completed, updated application to proceed in forma pauperis.