IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TREDERIALO BACA,

    Plaintiff,                  No. 2:12-cv-0572 KJM DAD P

    vs.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT et al.,
                                      ORDER
    Defendants.
                                /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

        On April 10, 2012, the undersigned issued findings and recommendations, recommending that plaintiff's application for in forma pauperis be denied and this action be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to bringing this action. Plaintiff filed two sets of objections to those findings and recommendations, arguing that he has indeed exhausted his administrative remedies. Plaintiff has also filed an amended complaint.

        In the interest of justice, the court will not make a final determination on the issue of exhaustion at this juncture of the case and instead will vacate its April 10, 2012 findings and recommendations and allow the case to proceed in accordance with this order.

1

**PLAINTIFF'S IFP APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, plaintiff has identified the Sacramento County Sheriff's Department, Deputy Sugawara, and DOES 1-10 as the defendants.  Therein, plaintiff alleges that while he was confined at the Sacramento County Jail defendant Sugawara allowed a T-Sep inmate to exit his cell while plaintiff was outside for recreation.  According to plaintiff, the T-Sep inmate assaulted him with numerous blows to the head.  Plaintiff alleges that as a result of the assault he suffered a broken nose, is now missing a tooth, and had to lay wet and soiled in his own blood following the assault.  Plaintiff notes that defendants DOES 1-10 subsequently belittled and harassed him when they became aware that he had started taking anti-depressant medication after the incident.  (Am. Compl. at 3-4.)

**DISCUSSION**

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal

constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      As to plaintiff's allegations against defendant Sugawara, plaintiff has failed to state a cognizable claim. Insofar as plaintiff wishes to proceed against defendant Sugawara on a failure to protect claim, he is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

      What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). It is well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id.

1   If plaintiff elects to proceed with this action by filing a second amended complaint, he must allege that objectively he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege that subjectively defendant Sugawara had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id.

As to plaintiff's allegations against the Sacramento County Sheriff's Department, plaintiff also fails to state a cognizable claim. Plaintiff is advised that such entities cannot be held liable for an injury inflicted by an employee under a theory of respondeat superior. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002) (describing the two routes to municipal liability, where municipality's official policy, regulation or decision violated plaintiff's rights, or alternatively where municipality failed to act under circumstances showing its deliberate indifference to plaintiff's rights), cert. denied, 537 U.S. 1106 (2003).

Finally, the allegations of plaintiff's amended complaint fail to state a cognizable claim against defendant DOES 1-10. In this regard, it is well established that verbal harassment alone does not violate the Constitution and thus does not give rise to a cognizable claim under § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a constitutional deprivation under § 1983).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

6

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in any second amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. The court's findings and recommendations (Doc. No. 7) are vacated.

DATED: August 6, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
baca0572.14

7